IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BRANDON EICKHOFF, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | 1:25-cv-1406 (PTG/LRV) |
| ) | |
| BRANDON YOUNGBLOOD, ) | |
| ) | |
| *Defendant.* ) | |
| ) | |

### ORDER

This matter is before the Court on Plaintiffs' Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. 2). The Court previously scheduled a hearing on Plaintiffs' Emergency Motion for a Temporary Restraining Order for Friday August 29, 2025, at 12:00 p.m. However, upon further review, and for the following reasons, the Court will terminate the hearing on Plaintiffs' Emergency Motion for a Temporary Restraining Order and will deny in part Plaintiffs' Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. 2).

Federal Rule of Civil Procedure 65 authorizes federal courts to issue preliminary injunctions and temporary restraining orders ("TROs"). In pertinent part, Rule 65(b)(1) provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) *the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.*

Fed. R. Civ. P. 65(b)(1)(A)–(B) (emphasis added). The purpose of notice to the nonmoving party is to give that party the opportunity to be heard. *See Jones-El v. Wright*, No. 2:16-cv-502, 2016

1

WL 11635719, at *1 (E.D. Va. Oct. 27, 2016) (quoting *Tchienkou v. Net Trust Mortg.*, No. 3:10-cv-23, 2010 WL 2375882, at *1 (W.D. Va. June 9, 2010) (Rule 65(b) requirements "are not merely technical niceties that a court may easily disregard, but rather crucial safeguards of due process").

Here, Plaintiffs' attorney did not provide any certification outlining his efforts to provide Defendant with notice or the reasons why notice should not be required. Because Plaintiffs' attorney did not meet the requirements of Federal Rule of Civil Procedure 65(b), the Court will deny Plaintiffs' Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. 2) to the extent Plaintiffs request a temporary restraining order.

Accordingly, it is hereby

**ORDERED** that Plaintiffs' Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. 2) is **DENIED in part**. Plaintiffs' Motion is **DENIED** to the extent Plaintiffs request a temporary restraining order; it is further

**ORDERED** that the hearing on Plaintiffs' Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. 2) currently set for August 29, 2025, at 12:00 p.m. is **TERMINATED**; it is further

**ORDERED** that after Plaintiffs have served Defendant, Plaintiffs notice their Motion for a Preliminary Injunction (Dkt. 2) for hearing before this Court. At which time, the Court will consider the merits of Plaintiffs' Motion.

Entered this ___ day of August, 2025
Alexandria, Virginia

Patricia Tolliver Giles
United States District Judge